UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE GERARD NASSAR,

    Defendant.
_____/

No. 1:16-CR-242

Hon. JANET T. NEFF
United States District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between the defendant, LAWRENCE GERARD NASSAR, and the U.S. Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>The Defendant Agrees to Plead Guilty</u>. The defendant agrees to plead guilty to Counts 1-3 of the Superseding Indictment. Count 1 charges him with Receipt and Attempted Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Count 2 charges him with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Count 3 charges him with Destruction and Concealment of Records and Tangible Objects, in violation of 18 U.S.C. § 1519.

2. <u>The Defendant Understands the Crimes</u>.

A. **Count 1:** For the defendant to be guilty of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), the following must be true:

(i) First: The defendant knowingly received child pornography.

(ii) Second: The defendant knew that the material was child pornography.

(iii) Third:  The child pornography had been shipped or transported in interstate or foreign commerce by any means, including by computer.

B.      **Count 2:**  For the defendant to be guilty of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), the following must be true:

(i) First:  The defendant knowingly possessed any computer disk or material that contained an image of child pornography.

(ii) Second:  The defendant knew that the material contained child pornography.

(iii)  Third:  The image of child pornography was (i) shipped or transported using any means or facility of interstate commerce by any means, including by computer, or (ii) produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

(iv)  Fourth:  The images of child pornography possessed included images that involved a minor who had not attained 12 years of age.

C.      **Count 3:**  For the defendant to be guilty of Destruction and Concealment of Records and Tangible Objects, in violation of 18 U.S.C. § 1519, the following must be true:

(i)     First:  The defendant knowingly deleted or altered the information on his computer.

(ii)    Second:  The defendant acted with the intent to impede, obstruct or influence an investigation that he contemplated at the time of the deletion or alteration.

(iii)   Third:  The matter was within the jurisdiction of the Federal Bureau of Investigation, which is an agency of the United States.

2

The defendant is pleading guilty because he is guilty of the charges described above.

3. <u>The Defendant Understands the Penalties</u>.

A. The sentence the Court can impose for a violation of 18 U.S.C. § 2252A(a)(2)(A) is the following:

<u>Imprisonment</u>: Not less than 5 years and not more than 20 years;

<u>Fine</u>: Up to $250,000;

<u>Supervised Release</u>: Not less than 5 years and up to life;

<u>Mandatory Special Assessment</u>: $100.

B. The sentence the Court can impose for a violation of 18 U.S.C. § 2252A(a)(5)(B) is the following:

<u>Imprisonment</u>: Not more than 20 years;

<u>Fine</u>: Up to $250,000;

<u>Supervised Release</u>: Not less than 5 years and up to life;

<u>Additional Special Assessment</u>: $5,000;

<u>Mandatory Special Assessment</u>: $100.

C. The sentence the Court can impose for a violation of 18 U.S.C. § 1519 is the following:

<u>Imprisonment</u>: Not more than 20 years;

<u>Fine</u>: Up to $250,000;

<u>Supervised Release</u>: Not more than 3 years;

<u>Mandatory Special Assessment</u>: $100.

The defendant agrees to pay the special assessments at or before the time of sentencing unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay. The defendant understands that the Court may impose sentences consecutively for each count.

4. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in him serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Mandatory Restitution</u>. The defendant understands that he will be required to pay full restitution as required by law. The Court may order the defendant to make restitution in accordance with 18 U.S.C. §§ 2259, 3663, and 3663A. The defendant agrees to make full restitution to all of the victims of his sexual exploitation, as determined by the Court at sentencing. The defendant agrees that the restitution order is not restricted to the loss related to the charges to which he is pleading guilty. The defendant agrees to execute and deliver to the U.S. Attorney's Office a completed financial statement (Form OBD-500) listing the defendant's assets and liabilities.

6. <u>Suspension/Revocation of Professional License</u>. The defendant understands that if he holds a professional license, the convictions in this case may result in the suspension or revocation of that license.

7. <u>Sexual Offender Registration</u>. The defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the

jurisdictions where he was convicted, resides, works, and attends school. The defendant understands that failure to register may subject him to criminal prosecution.

8. <u>Factual Basis of Guilt (Count 1)</u>. The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

Between September 18, 2004 and December 1, 2004, the defendant knowingly downloaded images and videos of child pornography from the Internet. He used a program called NewsRover to download this material. At the time the defendant downloaded this material, he knew it was child pornography.

The defendant was in the Western District of Michigan at the time he downloaded this material from the Internet.

The Internet is a means and facility of interstate commerce, and the images and videos the defendant downloaded had crossed state lines before he downloaded them.

9. <u>Factual Basis of Guilt (Count 2)</u>. The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

Between 2003 and 2016, the defendant knowingly possessed thousands of images and videos of child pornography on an AcomData hard drive and other devices while present in the Western District of Michigan. The defendant knew the drive and devices contained child pornography. Prior to the defendant possessing the images, they had been shipped and transported both across state lines and using the Internet, which is a means and facility of interstate commence. In addition, the images were produced using materials that had been shipped or transported in or

affecting interstate and foreign commerce; specifically, they were produced using an AcomData hard drive that was constructed of components made outside the state of Michigan. The images of child pornography possessed included images that involved a minor who had not attained 12 years of age.

10. Factual Basis of Guilt (Count 3). The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

On September 19, 2016, the defendant brought his work laptop to a computer service store in the Western District of Michigan. He paid the store $49 to completely wipe the computer. The store permanently deleted all of the data at the defendant's request, including the operating system. The defendant then turned the wiped laptop over to his employer. Forensic analysis of the machine revealed that the defendant had completely wiped it of all content.

On or about September 20, 2016, the defendant threw away a number of hard drives, including the AcomData hard drive discussed above. On September 20, 2016, police recovered these hard drives from the defendant's trash can, which he had placed by the road for collection. Forensic analysis revealed thousands of images of child pornography on two of the hard drives the defendant had discarded.

At the time the defendant took the actions described above, he was aware that law enforcement was investigating his activities and he feared this investigation would reveal that he had, among other things, received and possessed child pornography. He took the above actions with the intent to impede and obstruct this contemplated investigation.

The receipt and possession of child pornography are matters within the jurisdiction of the Federal Bureau of Investigation and the federal government.

11. <u>The U.S. Attorney's Office Agrees</u>.

   a. <u>Dismissal of Original Indictment</u>: The U.S. Attorney's Office agrees to move to dismiss the original Indictment (R.1) at the time of sentencing.

   b. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

   c. <u>Non-Prosecution Agreement</u>. The U.S. Attorney's Office for the Western District of Michigan agrees not to further prosecute the defendant for (1) sexual exploitation and attempted sexual exploitation of children, in violation of 18 U.S.C. § 2251, related to conduct that is alleged to have occurred in the defendant's swimming pool in the Summer of 2015 involving Child1 and Child2, (minors whose identities are known to the United States and the defendant), and (2) interstate/international travel with intent and engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(b) and (c), related to conduct that is alleged to have occurred between 2006 and 2013 involving Child3 and Child4 (persons whose identities are known to the United States and the defendant). The defendant agrees, however, that in determining the

sentence, the Court may consider uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure or variance from the calculated guidelines range. By this agreement the defendant does not concede that an increased sentence or an upward departure or variance is, in fact, warranted. The defendant understands that the U.S. Attorney's Office is free to prosecute the defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

   d. <u>Prison Placement</u>. The U.S. Attorney's Office will not object to a request by the defendant that the Court recommend that he be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to the Court's recommendation, the Bureau is not required to follow the Court's recommendation.

   12. <u>The Sentencing Guidelines</u>. The defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing him. The defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The defendant understands that he and his attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory minimum and maximum penalties described elsewhere in this Agreement. The

defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

13. The Parties Jointly Agree to the Following:

a. <u>Stipulation Regarding Guideline Factors</u>. The defendant agrees not to oppose the scoring of the following applicable Sentencing Guidelines factors:

| Base Offense Level | § 2G2.2(a)(2) | 22 |
|---|---|---|
| The parties agree a 2-point reduction pursuant to § 2G2.2(b)(1) is inapplicable | § 2G2.2(b)(1) | 0 |
| Offense involved sexually explicit images of prepubescent minors or minors who had not attained the age of 12 years | § 2G2.2(b)(2) | +2 |
| Offense involved images of minors subject to sadistic or masochistic conduct or other depictions of violence | § 2G2.2(b)(4) | +4 |
| Pattern of activity involving the sexual abuse or exploitation of a minor | § 2G2.2(b)(5) | +5 |
| Offense involved use of a computer | § 2G2.2(b)(6) | +2 |
| Offense involved more than 600 images of child pornography | § 2G2.2(b)(7)(D) | +5 |
| Obstruction | § 3C1.1 | +2 |
| Timely acceptance of responsibility | § 3E1.1 | -3 |

The defendant and the U.S. Attorney's Office each reserve the right to argue that additional specific offense characteristics, adjustments, departures, and variances are appropriate.

b. <u>Stipulations Not Binding on the Court</u>. The defendant understands that neither the United States Probation Office nor the Court is bound by any stipulation in this agreement, and that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Both the defendant and the U.S. Attorney's Office are free to supplement the facts stipulated to in this agreement by supplying relevant information to the United States Probation Office and the Court, and to correct any and all factual misstatements relating to the calculation of the sentence. The defendant understands that if the Court finds facts

LN

or reaches conclusions different from those in any stipulation contained in this agreement, the defendant cannot, for that reason alone, withdraw his guilty pleas.

14. <u>Waiver of Trial Rights</u>. By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if he could not afford an attorney, the right to have the Court appoint an attorney to represent him.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove him guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against him.

    d. The right, if he wished, to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if he chose not to testify or present evidence, to have that choice not be used against him.

By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15. <u>FOIA Request Waiver</u>. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without

limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. <u>Hyde Waiver</u>: The defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

17. <u>The Court is not a Party to this Agreement</u>. The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, he cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence he will receive, except that it will be within the statutory maximum.

18. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by the defendant, except as provided in writing above. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

19. <u>Consequences of Breach</u>. If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which he

would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

20.     <u>Deadline for Acceptance of Agreement</u>. If a copy of this agreement, executed by the defendant and defense counsel, is not returned to the U.S. Attorney's Office by **July 7, 2017**, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

[This space is intentionally blank]

21.   **This is the Complete Agreement.** This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

ANDREW BYERLY BIRGE
Acting United States Attorney

Date: _July 10_, 2017

SEAN M. LEWIS
Assistant U.S. Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

Date: _JUNE 23_, 2017

LAWRENCE GERARD NASSAR
Defendant

I am LAWRENCE GERARD NASSAR's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: _July 5_, 2017

MATTHEW NEWBURG
Attorney for the Defendant

13