STATES OF AMERICA
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:16-CR-242 |
| Plaintiff, | Honorable Janet T. Neff |
| v. | **SENTENCING MEMORANDUM** |
| LAWRENCE GERARD NASSAR, | |
| Defendant. | |

  Standing before the Court awaiting sentencing is LAWRENCE GERARD NASSAR. Mr. Nassar has pleaded guilty to one count of Receipt and Attempted Receipt of Child Pornography, one count of Possession of Child Pornography, and one count of Destruction and Concealment of Records and Tangible Objects. The purpose of this memorandum is to provide this Court with an opportunity to gain greater insight into Mr. Nassar before it determines a sentence that will have a profound impact on his life.

  As this Court is undoubtedly aware, sentencing guidelines – once mandatory – are now advisory. *United States v. Booker*, 543 U.S. 220, 245; 125 S. Ct. 738; 160 L. Ed. 2d 621 (2005). There is not a presumption of unreasonableness when a sentence varies from the advisory guidelines. *Gall v. United States*, 552 U.S. 38, 46; 128 S. Ct. 586; 169 L. Ed. 2d 445 (2007). In fact, the United States Supreme Court has rejected the requirement of extraordinary circumstances to justify a departure or the imposition of rigid mathematical formulas to be used when determining if a departure is warranted. *Id*. at 47.

1

This Court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(2). This Court must consider, in relevant part, the following factors:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed –
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for –
 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]

\* \* \*

(5) any pertinent policy statement[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense. [18 U.S.C. § 3553(a).]

**SENTENCING MEMORANDUM AND MOTION FOR VARIANCE**

With respect to the factors that this Court must consider in sentencing, Mr. Nassar does not in any way attempt to minimize his past conduct or offer excuses for his actions. However, counsel would be remiss if they did not point out significant details about Mr. Nassar and his background.

This Court has knowledge of the events that have led Mr. Nassar to sentencing, but there is more to consider about Mr. Nassar than those events. While Mr. Nassar wishes he could rewind the hands of time and make different choices, he realizes that this is not possible.

Nevertheless, Mr. Nassar has already done much soul searching about his life, and he is using this time to engage in continued growth.

Notably, Mr. Nassar's family has rallied behind him and given him an immense amount of support. The theme in the letters of support written to this Court are all the same – Mr. Nassar is a kind, compassionate, hard-working man of faith who would give you the shirt off his back if you needed it. (Exh. A.)[1] As stated on one letter, "Larry has always been kind hearted and helpful to anyone that came into his path. He has always been there to volunteer and to serve others. If you needed help, he would pitch in cheerfully."

Mr. Nassar's sister recalls Mr. Nassar's commitment to the "Let 'em Play" committee, which was active in changing state law, making it possible for special needs individuals to participate in high school sports. Mr. Nassar's oldest daughter is autistic, and as his sister explains, instead of looking at his daughter's disability as a tragedy, Mr. Nassar viewed his daughter's autism as a potential to be realized. Mr. Nassar's brother-in-law explains that Mr. Nassar spent untold hours taking his daughter to specialist physicians and her favorite place, the animal petting farm. Mr. Nassar also formed a non-profit autism foundation to help other kids facing the same difficulties as his daughter. Eventually, the foundation was expanded to help other children with special needs.

Numerous family members have shared stories in their letters of Mr. Nassar personally assisting family and others in some type of way. When another family member's husband had a stroke sever years ago, Mr. Nassar immediately went to the hospital to comfort his sister and was helpful in obtaining the best treatment possible for her husband. Mr. Nassar also comforted his sister-in-law after his brother's passing and was instrumental in having his brother's organs

---

[1] Defense Counsel will furnish an unredacted copy of Exhibit A to the Court and government.

3

donated, a phone call his brother's late wife dreaded. He similarly assisted in giving a friend's elderly parents guidance and support when faced with difficult medical issues.

Further, Mr. Nassar has and will use his experiences – both good and bad – to make positive changes in his life. In one letter, a relative explains that last Christmas, Mr. Nassar asked his family members to send books written in Spanish to the jail he was housed in so that other inmates could have a bit of joy during the holiday. Mr. Nassar has also been instrumental in helping three other inmates complete their GED and helped another inmate reach out to the inmate's son in a positive manner. Similarly, Mr. Nassar gave another inmate the tools to eliminate ankle pain the man had experienced for over six months. Mr. Nassar is actively involved in bible study while incarcerated and has completed all the lessons.

Mr. Nassar is much more than this current situation would suggest. Mr. Nassar is in no way trying to escape responsibility for his past actions, and he deeply regrets the pain that he has caused the community, as well as his family and friends. He wants nothing more than to make amends and move forward in a healthy, productive way.

As this Court is undoubtedly aware, the United States Sentencing Guidelines explain:

> (b) If…a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:
> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> > (2) **the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.**
> (c) If…a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), **the sentence**

4

**for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.**

U.S.S.G § 5G1.3 (emphasis added).

Further, this Court can depart from the sentencing guidelines or apply a variance from the guidelines range based on the sentencing factors of 18 U.S.C. § 3553(a). While the concepts are distinct, the same facts and analysis can be used to justify a departure or variance. *United States v. Denny*, 653 F.3d 415, 419 (6th Cir. 2011). Mr. Nassar respectfully requests that this Court examine the facts and circumstances to consider for a variance for the reasons previously stated. Mr. Nassar is committed to ensuring that his choices result in him living a life free from the criminal justice system in the future.

Mr. Nassar is acutely aware of the difficult position this Court finds itself in. It must balance numerous interests to fashion a sentence that is both punitive and rehabilitative. Both Mr. Nassar and his counsel recognize this Court's superior ability to fashion a sentence that best meets the ends of justice. The purpose of this memorandum was only meant to provide this Court with additionally information and insight into Mr. Nassar that this Court may find useful before fashioning a sentence that will profoundly impact his life and family. Accordingly, we respectfully request that this Court consider this memorandum in determining a just sentence for Mr. Nassar.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/SHANNON M. SMITH |
| Dated: November 30, 2017 | Shannon M. Smith |
|  | /s/MATTHEW NEWBURG |
|  | Matthew Newburg |

**Certification of Delivery**

I hereby certify that on November 30, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification to parties enrolled through the ECF system.

/s/SHANNON M. SMITH
Shannon M Smith
Attorney for Defendant
The Law Offices of Shannon M. Smith, P.C.
1668 South Telegraph Road
Suite 140
Bloomfield Hills, Michigan 48302
(248) 636-2595
attorneyshannon@gmail.com