# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: August 22, 2018

Ms. Amy Lee Copeland
Law Office
P.O. Box 23358
Savannah, GA 31403

Mr. Sean M. Lewis
Office of the U.S. Attorney
P.O. Box 208
Grand Rapids, MI 49501

     Re:  Case No. 17-2490, *USA v. Lawrence Nassar*
          Originating Case No.: 1:16-cr-00242-1

Dear Counsel,

   The Court issued the enclosed Order today in this case.

                                        Sincerely,

                                        s/Antoinette Macon
                                        Case Manager
                                        Direct Dial No. 513-564-7015

cc:  Mr. Thomas Dorwin
     Mr. Lawrence Gerard Nassar

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 17-2490

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | )  ON APPEAL FROM THE UNITED |
| v. | )  STATES DISTRICT COURT FOR |
| | )  THE WESTERN DISTRICT OF |
| LAWRENCE GERARD NASSAR, | )  MICHIGAN |
| | ) |
| Defendant-Appellant. | ) |

<u>O R D E R</u>

Before: KEITH, GRIFFIN, and LARSEN, Circuit Judges.

Lawrence Gerard Nassar, represented by counsel, appeals the 720-month sentence imposed by the district court following his guilty pleas to charges of receiving and attempting to receive child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1), possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), and obstructing a federal investigation by destroying evidence, in violation of 18 U.S.C. § 1519. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Nassar was a physician at Michigan State University and the team physician for USA Gymnastics. Over a twenty-year period, Nassar sexually abused and sexually assaulted dozens of teenage and prepubescent girls, mainly his patients, but also including the children of family friends. The presentence report describes in detail incidents involving over forty of Nassar's victims. During the same period, Nassar amassed a collection of 37,000 images and videos of child pornography. As the investigation into Nassar's activities expanded, he paid a vendor to

wipe all of the data from the hard drive of his laptop computer, and he tried but failed to dispose of four more computer hard drives that contained the images recovered by the police.

Nassar pleaded guilty to receiving and possessing child pornography and destroying evidence pursuant to a plea agreement with the government. Nassar came before the district court for sentencing in December 2017. By that time, Nassar had already pleaded guilty to and was awaiting sentencing on multiple counts of first-degree criminal sexual conduct in two separate state prosecutions.

In calculating Nassar's sentencing range under the Sentencing Guidelines, the district court imposed a five-level increase in his offense level pursuant to USSG § 2G2.2(b)(5) because his conduct included a pattern of activity involving the sexual abuse or exploitation of a minor, specifically, his systematic abuse of forty children. Some of these incidents were also the basis for Nassar's state criminal-sexual-conduct convictions. After applying numerous other increases to Nassar's offense level that are not at issue here, and subtracting three levels pursuant to USSG § 3E1.1 because Nassar accepted responsibility and entered a timely plea, the district court determined that Nassar's total offense level was 41. The district court assessed Nassar two criminal history points for his state convictions, placing him in criminal history category II. The district court's calculations prescribed a sentencing range of 360 months to life imprisonment, but because the statutory maximum sentence on each count was 240 months of imprisonment, Nassar's actual sentencing range was 360 to 720 months in prison. *See* USSG § 5G1.2(d). Nassar did not object to the district court's calculation of his sentencing range.

In considering the 18 U.S.C. § 3553(a) sentencing factors, the district court highlighted Nassar's extensive collection of child pornography (which the court said was unique in its magnitude) his destruction of evidence, his abuse of a position of trust as a physician to serially abuse his patients, and his infliction of serious emotional and psychological harm—"deep wounds" in the words of the district court—on vulnerable victims. In light of these considerations, the court concluded that Nassar would continue to be "a real and present danger to children," and therefore its sentence needed to promote punishment, deterrence, and protection of the public. To accomplish those goals, the district court determined that it was "imperative that Mr. Nassar be deterred for as long as possible," which meant imposing consecutive 240-

month sentences on each count, for a total of 720 months of imprisonment, to be served consecutive to the sentences the state courts had yet to impose on Nassar's criminal-sexual-conduct convictions. When the district court asked "if there is any legal objection to the sentence which I have just announced, whether there is anything that is not already on the record why sentence should not be imposed as indicated," Nassar objected only to the court's decision to run his federal sentence consecutive to his state sentences.

On appeal, Nassar argues that the district court erred in assessing criminal history points for his state convictions because those convictions were included in the relevant conduct used to calculate his offense level, and that his sentence is procedurally unreasonable because the district court failed to consider USSG § 5G1.3(c) when it required him to serve his federal sentence consecutive to his state sentences.

Nassar first claims that the district court erred in determining his criminal history score when it calculated his sentencing range. Nassar did not object when the district court finished its computation of his sentencing range or when it asked if there were any unraised objections to the sentence it had just announced. Accordingly, we review the district court's determination of Nassar's sentencing range for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). To satisfy plain error review, Nassar must show that the district court made an obvious or clear error that affected his substantial rights and the fairness, integrity, or public reputation of the judicial proceedings. *See id.* at 386. The error must be "so plain that the trial judge was derelict in countenancing it." *Id.* (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006) (ellipses and brackets omitted)).

As a general rule, in determining a defendant's criminal history category, the Sentencing Guidelines impose criminal history points for each of the defendant's "prior sentences." USSG § 4A1.2(a)(1). A "prior sentence" is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense." *Id.* A defendant also receives one criminal history point for a "prior sentence" if he "has been convicted of an offense, but not yet sentenced." USSG § 4A1.2(a)(4). The district court relied on this section to assess Nassar with two criminal history points for his two state criminal-sexual-conduct convictions.

But because the district court also relied in part on the conduct underlying his state convictions to impose a five-level enhancement under § 2G2.2(b)(5) for engaging in a pattern of sexually abusing minors, Nassar argues that his state convictions are included in his relevant conduct and therefore do not count as "prior sentences" that receive criminal history points under § 4A1.2(a)(1). *See* USSG § 4A1.2, comment. 1 ("Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct)."). The government, however, argues that § 2G2.2 authorizes the sentencing court to assess criminal history points for convictions that are included in a pattern of sexually abusing minors. *See* USSG § 2G2.2, comment. (n.5) ("A conviction taken into account under subsection (b)(5) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).").

We have never considered whether Application Note 5 allows the sentencing court to assign criminal history points to convictions that are included both in "a pattern of activity involving the sexual abuse or exploitation of a minor" under § 2G2.2(b)(5) and the defendant's relevant conduct under § 1B1.3. There are evidently only three decisions on this issue from other circuits. The Seventh Circuit concluded that the application note "carves out an exception to the general rule that relevant conduct is not factored in a defendant's criminal history score." *United States v. Nance*, 611 F.3d 409, 414 (7th Cir. 2010). The Tenth Circuit reached the same conclusion in deciding whether Amendment 537, which added this application note to § 2G2.2, was a substantive or clarifying amendment for purposes of the Ex Post Facto Clause. *See United States v. Groves*, 369 F.3d 1178, 1185-88 (10th Cir. 2004). The Eleventh Circuit touched on this issue in *United States v. Charniak*, 607 F. App'x 936 (11th Cir. 2015), but its opinion does not help to resolve Nassar's appeal. In *Charniak*, the court concluded that the defendant's prior conviction for sexually abusing his daughter was *not* relevant conduct under § 1B1.3(a)(1), and therefore the district court did not engage in impermissible double-counting when it used the conviction to calculate both the defendant's offense level under § 2G2.2 and his criminal history score. *See id.* at 938-39. The plain language of Application Note 5 supports a conclusion that a prior conviction can be used to increase both the defendant's offense level under § 2G2.2(b)(5) and his criminal history score, but the Sentencing Commission's commentary in adopting

Amendment 537 suggests that § 4A1.2(a)(1)'s bar on assigning criminal history points to convictions that are included in the defendant's relevant conduct still applies. *See* U.S. Sentencing Guidelines Manual App. C, amend. 537 (U.S. Sentencing Comm'n 1996) ("[T]he amendment clarifies that prior convictions counted as part of the 'pattern of activity' also may be counted as part of the defendant's criminal history under Chapter Four, *if those convictions meet the criteria set forth in the relevant guidelines of that chapter.*" (emphasis added)).

In the end, there is no controlling case law that resolves the question presented in Nassar's first assignment of error. Consequently, the district court did not plainly err when it assigned criminal history points to Nassar's state convictions and also relied in part on those convictions to increase his offense level for engaging in a pattern of sexually abusing minors. *See United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) ("A lack of binding case law that answers the question presented will . . . preclude our finding of plain error."). And because there is at least some case law that supports the district court's decision, *see Nance*, 611 F.3d at 414, the alleged error was not "so plain that the trial judge was derelict in countenancing it." *Vonner*, 516 F.3d at 386 (quotation, ellipses, and brackets omitted). Accordingly, we affirm the district court's calculation of Nassar's sentencing range.

Nassar next argues that his sentence is procedurally unreasonable because the district court failed to consider § 5G1.3(c) of the Sentencing Guidelines in ordering his federal sentence to be served consecutive to his two state sentences. Although Nassar objected to the district court's decision to order consecutive sentences, he did not object to the adequacy of the court's explanation for imposing consecutive sentences. Accordingly, we review the district court's decision to impose consecutive sentences for plain error. *See United States v. Ferguson*, 720 F. App'x 745, 749 (6th Cir. 2018); *United States v. Harmon*, 607 F.3d 233, 236 (6th Cir. 2010).

A district court has discretion to impose consecutive sentences under § 5G1.3 upon consideration of the 18 U.S.C. § 3553(a) sentencing factors and the applicable guidelines and policy statements in effect at the time of sentencing. 18 U.S.C. § 3584; *see United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997). The district court is not required to specifically reference § 5G1.3, but it must make "generally clear" its rationale for imposing consecutive

No. 17-2490
- 6 -

sentences and achieving an appropriate incremental penalty. *See Ferguson*, 720 F. App'x at 749; USSG § 5G1.3, comment. (n.4(A)).

Here, although the district court did not refer to § 5G1.3, its reasons for imposing consecutive sentences were consistent with § 3584, which allows the district court to impose consecutive sentences after considering "the factors set forth in section 3553(a)." In deciding to impose consecutive sentences, the district court relied on the duration, enormity, and gravity of Nassar's criminal conduct; the serious harm that Nassar inflicted on his victims; and the serious safety threat that Nassar presents to the public. The district court found that Nassar was not similarly situated to other defendants given the scope of his criminal conduct. The district court agreed with the government's observation that at least some of Nassar's activities occurred outside of the State of Michigan, and thus at least implicitly recognized that Nassar's state sentences for first-degree criminal sexual conduct would not account for all of his criminal behavior. We conclude therefore that the district court did not plainly err when it ordered Nassar's federal sentence to run consecutive to his state sentences.

In summary, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk