FILED - GR
August 26, 2019 3:35 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc SCANNED BY: JW / 8-26-19

(Rev. 11/2012)

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORREC[T] PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District SIXTH, WESTERN DISTRICT OF MI |
|---|---|
| Name (under which you were convicted): LAWRENCE GERARD NASSAR | Docket or Case No.: 1:16-cr-00242-JTN |
| Place of Confinement: USP COLEMAN II | Prisoner No.: 21504-040 |

UNITED STATES OF AMERICA v. Movant (include name under which convicted) LAWRENCE GERARD NASSAR

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: US DISTRICT COURT WESTERN DISTRICT OF MICHIGAN, 399 FEDERAL BUILDING 110 MICHIGAN STREET, NW GRAND RAPIDS, MI 49503

   (b) Criminal docket or case number: 1:16-cr-00242-JTN

1:19-cv-685
Janet T. Neff
U.S. District Judge

2. (a) Date of the judgment of conviction: 7/11/17

   (b) Date of sentencing: 12/7/17

3. Identify all counts and crimes for which you were convicted and sentenced in this case:

   (1) 18:2252A(a)(2)(A) AND (b)(1), 18:2256(8)(A)
   (2) 18:2252A(a)(5)(B) AND (b)(2), 18:2256(8)(A)
   (3) 18:1519

4. Length of sentence for each count or crime for which you were convicted in this case:

   (1) 240 MONTHS (2) 240 MONTHS (3) 240 MONTHS
   ALL 3 COUNTS CONSECUTIVE AND CONSECUTIVE TO THE STATE

5. (a) What was your plea?
   - Not guilty ☐
   - Guilty ☒
   - Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details:

N/A

6. If you went to trial, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐ N/A

7. Did you testify at the trial? Yes ☐ No ☐ N/A

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

   (a) Date you filed: 4/10/18

   (b) Name of court: US 6TH DISTRICT COURT WESTERN DISTRICT OF MICHIGAN

   (c) Docket or case number: 17-2490

   (d) Result: AFFIRMATION OF DISTRICT COURT'S JUDGEMENT

   (e) Date of result: 8/22/18

   (f) Grounds raised: ① THE SENTENCING COURT'S DECISION TO RUN THE DEFENDENT'S FEDERAL SENTENCE CONSECUTIVE WITH THE TWO LATER STATE SENTENCES WAS CHALLENGED.
   ② THE SENTENCING GUIDELINES WERE MISCALCULATED, THE STATE COURT CASES SHOULD NOT HAVE COUNTED TOWARD THE CRIMININAL HISTORY SCORE

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

   If "Yes," answer the following:

   (1) Date you filed: __________

   (2) Docket or case number: __________

   (3) Result: __________

   (4) Date of result: __________

   (5) Grounds raised: __________

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court? NO

11. If your answer to Question 10 was "Yes," give the following information: Yes ☐ No ☒

(a) (1) Date you filed: N/A

(2) Name of court:

(3) Docket or case number (if you know):

(4) Date of filing (if you know):

(5) Nature of the proceeding:

(6) Grounds raised:

(7) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(8) Result:

(9) Date of result:

(b) If you filed any second motion, petition, or application, give the same information:

(1) Date you filed: N/A

(2) Name of court:

(3) Docket or case number (if you know):

(4) Date of filing (if you know):

(5) Nature of the proceeding:

(6) Grounds raised:

(7) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(8) Result:

(9) Date of result :

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? N/A

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** UNCONSTITUTIONAL DOUBLE JEOPARDY CLAUSE OF THE 5TH AMENDMENT.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE ATTACHED SHEET

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

COURT OPINIONS AND RULINGS HAVE CHANGED SINCE THE DIRECT APPEAL PROVIDING NEW GROUNDS TO APPEAL

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ____________________

Date motion was filed: ____________________

Name and location of the court where the motion or petition was filed: ______

Docket or case number: ______

Result (attach a copy of the court's opinion and order, if available): ______

Date of result: ______

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: ______

Name of court where the appeal was filed : ______

Docket or case number: ______

Result (attach a copy of the court's opinion and order, if available) : ______

Date of result: ______

**GROUND TWO:** VIOLATION OF 1ST AMMENDMENT RIGHTS FOR FREE SPEECH IN TERMS OF SUPERVISED RELEASE REGARDING - (SEE ATTACHED SHEET)

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): SEE ATTACHED SHEET

(b) **Direct Appeal of Ground Two**:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: COURT OPINIONS AND RULINGS HAVE CHANGED SINCE THE DIRECT APPEAL PROVIDING NEW GROUNDS TO ARGUE.

(c) **Post-Conviction Proceedings**:

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Date motion was filed: ______

Name and location of the court where the motion or petition was filed: ______

______

Docket or case number: ______

Result (attach a copy of the court's opinion and order, if available): ______

______

Date of result: ______

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: ______

Name of court where the appeal was filed : ______

Docket or case number: ______

Result (attach a copy of the court's opinion and order, if available) : ______

______

Date of result: ______

**GROUND THREE**: SEE ATTACHED SHEET

______

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): SEE ATTACHED SHEET

(b) **Direct Appeal of Ground Three**:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: COURT OPINIONS AND RULINGS HAVE CHANGED SINCE THE DIRECT APPEAL PROVIDING NEW GROUNDS TO ARGUE.

(c) **Post-Conviction Proceedings**:

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Date motion was filed: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number: ______

Result (attach a copy of the court's opinion and order, if available): ______

Date of result: ______

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: ______

Name of court where the appeal was filed : ______

Docket or case number: ______

Result (attach a copy of the court's opinion and order, if available) : ______

______

Date of result: ______

**GROUND FOUR**: INEFFECTIVE ASSISTANCE OF COUNSEL

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): SEE ATTACHED SHEET

(b) **Direct Appeal of Ground One**:

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: IT IS BECAUSE OF THE ACTIONS AND LACK OF ACTIONS OF MY COUNSEL DURING SENTENCES THAT CREATED THE DIRECT APPEAL TO FAIL THUS LEADING TO THIS ISSUE BEING RAISED NOW.

(c) **Post-Conviction Proceedings**:

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Date motion was filed: ______

Name and location of the court where the motion or petition was filed: ______

Docket or case number: ______

Result (attach a copy of the court's opinion and order, if available): ______

Date of result: ______

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: ____________________

Name of court where the appeal was filed : ____________________

Docket or case number: ____________________

Result (attach a copy of the court's opinion and order, if available) : ____________________

____________________

Date of result: ____________________

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, state which ground or grounds have not been presented and your reasons for not presenting them:

ALL 4 GROUNDS LISTED HAVE NOT BEEN PRESENTED BECAUSE THEY ARE GROUNDS NOT APPROPRIATE IN DIRECT APPEAL BUT APPROPRIATE IN THE 2255 AND BECAUSE COURT OPINIONS AND RULINGS HAVE CHANGED SINCE THE DIRECT APPEAL.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

____________________

____________________

____________________

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: MATT NEWBURG, 316 TAYLOR STREET, GRAND LEDGE, MI 48837

SHANNON SMITH 1669 SOUTH TELEGRAPH RD. SUITE 140 BLOOMFIELD HILLS, MI 48302

(b) At arraignment and plea: MATT NEWBURG 316 TAYLOR STREET, GRAND LEDGE, MI 48837 SHANNON SMITH 1668 S. TELEGRAPH RD SUITE 140 BLOOMFIELD HILLS, MI 48302

(c) At trial: N/A

(d) At sentencing: MATT NEWBURG 316 TAYLOR STREET, GRAND LEDGE, MI 48837 SHANNON SMITH 1668 S. TELEGRAPH RD SUITE 140 BLOOMFIELD HILLS, MI 48302

(e) On appeal: AMY LEE COPELAND PO BOX 23358 SAVANNAH, GA 31403

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: INGHAM COUNTY MICHIGAN AND EATON COUNTY MICHIGAN

(b) Give the date the other sentence was imposed: 1/24/18 INGHAM COUNTY ; 2/5/18 EATON COUNTY

(c) Give the length of the other sentence: INGHAM COUNTY 480-2100 MONTHS ; EATON COUNTY 40-125 YEARS

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☒ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 (" AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant him or her the relief to which he or she may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct and that this Motion Under § 2255 was placed in the prison mailing system on AUGUST 20, 2019 (month, date, year).

Lawrence Nassar
Signature of Movant

8/20/19
Date

Signature of Attorney (if any)

If the person signing is not movant or an attorney, state relationship to movant and explain why movant is not signing this petition.

ATTACHED SHEETS PG 1/4

PAGE 4: GROUND ONE

12. (a) SUPPORTING FACTS

A PERSON CAN NOT BE CONVICTED FOR BOTH RECEIPT AND POSSESSION OF THE SAME ITEMS OF CHILD PORNOGRAPHY. THE DEFENDENT RECEIVED A SENTENCE OF 20 YEARS FOR THE CONVICTION OF POSSESSION OF CHILD PORNOGRAPHY AND AN ADDITIONAL CONSECUTIVE SENTENCE OF 20 YEARS OF THE CONVICTION OF RECEIPT OF CHILD PORNOGRAPHY. RECEIPT OF CHILD PORNOGRAPHY ALWAYS REQUIRES PROOF OF POSSESSION WHICH MEANS THAT A CONVICTION AND SENTENCING OF BOTH CRIMES BASED ON THE SAME CONDUCT IS UNCONSTITUTIONAL.

PAGE 5: GROUND TWO: VIOLATION OF 1ST AMMENDMENT RIGHTS FOR FREE SPEECH REGARDING ACCESS OR POSSESSION OF ANY COMPUTER RELATED DEVICES, OTHER ELECTRONIC COMMUNICATION DATA STORAGE DEVICES OR MEDIA IN ANY MANNER FOR ANY REASON.

(a) SUPPORTING FACTS

IN THE PAST THERE MAY HAVE BEEN DIFFICULTY IN IDENTIFYING THE MOST IMPORTANT PLACES FOR THE EXCHANGE OF VIEWS, TODAY THE ANSWER IS CLEAR. IT IS CYBER SPACE WITH ITS VAST DEMOCRATIC FOROMS OF THE INTERNET OFFERING VARIOUS WEBSITES TO ENGAGE IN A WIDE ARRAY OF PROTECTED FIRST AMENDMENT ACTIVITY. A LIFE TIME BAN ON NOT BEING ABLE TO ACCESS OR POSSESS ANY COMPUTER-RELATED DEVICES, OTHER ELECTRONIC DEVICES FOR

# ATTACHED SHEETS PG 2/4

PAGE 5: GROUND TWO (CONTINUED)

(a) SUPPORTING FACTS (CONTINUED)

COMMUNICATION DATA STORAGE OR MEDIA IN ANY MANNER OR FOR ANY REASON IS DRACONIAN AND DEPRIVES THE DEFENDENT OF MORE LIBERTY THAN IS REASONABLY NECESSARY TO DETER CRIME, PROTECT THE PUBLIC, AND REHABILITATE THE DEFENDANT. THE COURT'S ANALYSIS MUST BE FACT-SPECIFIC AND CONDITIONS OF SUPERVISED RELEASE MAY NOT RESTRICT MORE LIBERTY THAN REASONABLY NECESSARY INCLUDING CONSTITUTIONAL LIBERTY. A LIFETIME DURATION OF THIS BLANKET BAN IS PRESUMPTIVELY EXCESSIVE. THESE STATED BANS SWEEP TOO BROADLY. THEY ARE THE ANTITHESIS OF THE REQUIRED NARROWLY TAILORED SANCTIONS REQUIRED FOR CONDITIONS OF SUPERVISED RELEASE. FOR IT IS WELL ESTABLISHED THAT THE GOVERNMENT MAY NOT SUPPRESS LAWFUL SPEECH AS THE MEANS TO SUPRESS UNLAWFUL SPEECH. FURTHERMORE SIMPLE BASIC EVERYDAY TASKS SUCH AS SHOPPING, ACCESS TO NEWS, TRAFFIC, MAPS, WEATHER, AMONGST OTHERS ARE NOW DONE THROUGH USE OF COMPUTER ELECTRONIC DEVICES. HOME SECURITY DEVICES, WATCHES, FITNESS TRACKERS, HEALTH/MEDICAL DEVICES, REFRIDGERATORS, AUTOMOBILES ALL HAVE THESE ELECTRONIC DEVICES THAT THE DEFENDENT WOULD BE DEPRIVED OF AS WELL AS SIMPLY WATCHING TELEVISION AND LISTENING TO MUSIC. EVEN SMART PHONES CAN BE SAFELY ALLOWED WITH CURRENTLY AVAILABLE MONITORING SOFTWARE INSTALLED. FINALLY, THE FORCES AND DIRECTIONS

# ATTACHED SHEETS PG 3/4

PAGE 5: GROUND TWO (CONTINUED)

(a) SUPPORTING FACTS (CONTINUED)

OF COMPUTER AND ELECTRICAL DEVICES AND THE INTERNET ARE SO NEW, SO PROTEAN, AND SO FAR REACHING THAT COURTS MUST BE CONSCIOUS THAT WHAT THEY RESTRICT TODAY MIGHT BE OBSOLETE TOMORROW AND A LIFETIME BAN AS STATED IS EXCESSIVE.

PAGE 6: GROUND THREE: VIOLATION OF 1ST AMMENDMENT RIGHTS IN TERMS OF SUPERVISED RELEASE REGARDING PLACES THE DEFENDENT MUST REFRAIN FROM ENTERING.

(a) SUPPORTING FACTS: A LIFETIME BAN ON HAVING NO CONTACT WITH MINORS WITHOUT WRITTEN APPROVAL OF THE PROBATION OFFICER AND BEING BANNED FROM ENTERING INTO ANY AREA WHERE CHILDREN FREQUENTLY CONGREGATE INCLUDING BUT NOT LIMITED TO PARKS, SCHOOLS, DAY CARE CENTERS, THEME PARKS, THEATRES AND PLAYGROUNDS DEPRIVES THE DEFENDENT OF MORE LIBERTY THAN IS REASONABLY NECESSARY TO DETER CRIME, PROTECT THE PUBLIC, AND REHABILITATE THE DEFENDANT. THE COURT'S ANALYSIS MUST BE FACT-SPECIFIC. CONDITIONS OF SUPERVISED RELEASED MAY NOT RESTRICT MORE LIBERTY THAN REASONABLY NECESSARY, INCLUDING CONSTITUTIONAL LIBERTY, AND A BAN OF THIS NATURE SWEEPS TOO BROADLY. A LIFETIME DURATION OF THIS BLANKET BAN IS EXCESSIVE. THIS IS THE OPPOSITE OF THE NARROWLY TAILORED SANCTIONS REQUIRED.

# ATTACHED SHEETS PG 4/4

PAGE 8: GROUND FOUR: INEFFECTIVE ASSISTANCE OF COUNSEL

(a) SUPPORTING FACTS: THE DISTRICT COURT ERRED IN ASSESSING CRIMINAL HISTORY POINTS FOR THE DEFENDENT'S STATE CONVICTION BECAUSE THOSE CONVICTIONS WERE INCLUDED IN THE RELEVANT CONDUCT USED TO CALCULATE THE OFFENSE LEVEL AND THAT THE SENTENCE WAS PROCEDURALLY UNREASONABLE BECAUSE THE DISTRICT COURT FAILED TO CONIDER USSG § 5G1.3(c) WHEN IT REQUIRED THE DEFENDENT TO SERVE HIS SENTENCE CONSECUTIVE TO HIS STATE SENTENCES, THE DEFENDENT HAD NOT BEEN SENTENCED YET IN THE STATE SO HOW CAN THIS BE ORDERED BY THE JUDGE? EVENTHOUGH THE DEFENDENT QUESTIONED HIS ATTORNEY REGARDING THIS AND REQUESTED HE OBJECT THE DEFENDENT'S ATTORNEY DID NOT OBJECT WHEN THE DISTRICT COURT FINISHED ITS COMPUTATION OF THE SENTENCING RANGE. IN ADDITION, WHEN ASKED BY THE JUDGE IF THERE WERE ANY UNRAISED OBJECTIONS TO THE SENTENCE JUST ANNOUNCED THE DEFENDANT'S ATTORNEY ONCE AGAIN FAILED TO OBJECT. THE SINGLE OBJECTION THE DEFENDANT'S ATTORNEY DID MAKE ON THE DECISION OF THE COURT TO ORDER CONSECUTIVE SENTENCES TO THE STATE SENTENCES WAS MADE IMPROPERLY FOR THEY FAILED TO OBJECT TO THE ADEQUACY OF THE COURT'S EXPLANATION FOR IMPOSING THE CONSECUTIVE SENTENCES. THE LACK OF PROPER HANDLING OF THE OBJECTION AND LACK OF OBJECTIONS CREATED THE DIRECT APPEAL TO FAIL THUS DEMONSTRATING THE INEFFECTIVE ASSISTANCE OF COUNSEL.

UNITED STATES POSTAL SERVICE

1023

49503

U.S. POSTAGE PAID
FCM LG ENV
COLEMAN, FL
33521
AUG 21, 19
AMOUNT

$0.00
R2304Y122863-09

U.S. DISTRICT COURT
ERAL BUILDING
HIGAN STREET, NW
PIDS, MI 49503

LAWRENCE NASSAR 21504-040
UNITED STATES PENITENTIARY - COLEMAN II
PO BOX 1034
COLEMAN, FL 33521

CLERK,
399 FED
110 MIC
GRAND RA