UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,           No. 1:16-CR-242

     vs.                              Hon. Janet T. Neff
                                       United States District Judge

LAWRENCE G. NASSAR,

           Defendant.
_____/

**MEMORANDUM IN SUPPORT OF MOTION TO TURN OVER FUNDS IN INMATE TRUST ACCOUNT TO APPLY TO CRIMINAL MONETARY PENALTIES**

The United States of America moves, pursuant to 18 U.S.C. §§ 3613(a) and 3664(n), for an order requiring the Bureau of Prisons to turn over to the Clerk of the Court non-exempt funds from the inmate trust account of Lawrence Nassar, Reg. No. 10250-040, for application against Nassar's criminal monetary penalties imposed in this case. In support of this request, the Government states as follows:

       **I.**       **RELEVANT FACTS**

On December 7, 2017, the Court sentenced Nassar to an aggregate term of 60 years in prison. (R.48: Judgment, PageID.,425.) Nassar is currently serving his sentence within the Bureau of Prisons. As part of its judgment, the Court ordered Nassar to pay a $300.00 special assessment, an additional special assessment of $5,000.00 pursuant to the Justice for Victims of Trafficking Act of 2015, and restitution in the total amount of $57,488.52 to five victims. (*Id.*, PageID.429.) The Court ordered Nassar's $300.00 special assessment due and payable immediately and the remaining balance to be paid in *minimum* quarterly installments of $25.00 based on Inmate Financial Responsibility Program (IFRP) participation or *minimum* monthly

1

installments of $20.00 based on UNICOR earnings during the period of incarceration. (*Id.*, PageID.430) (emphasis added). The judgment made clear that payment of criminal monetary penalties was due during the period of imprisonment. (*Id.*) It also provided that all monies from income tax refunds, lottery winnings, judgments, and/or any other "anticipated or unexpected financial gains" be applied to any outstanding court-ordered financial obligations. (*Id.*) The judgment also included the following:

> **IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. *If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances*.

(*Id.*, PageID.424) (emphasis added).

Transactional data for Nasser's inmate trust account reveals that since incarceration, Nassar has received deposits totaling $12,825.00. Exhibit 1: BOP Transactional Data. This total has included a stimulus check for $600 issued in January 2021 and a stimulus check of $1,400 issued in March 2021. Exhibit 2: Stimulus Checks. Otherwise, the deposits appear to have occurred no less than once per month, from outside third parties via Money Gram or Western Union, typically in the amount of $200.00 or more. *Id.* Since incarceration, Nassar has paid $300, all in the form of the minimum $25.00 quarterly payments based on his participation in the IFRP. *Id.* In other words, Nassar has paid approximately $8.33 toward his criminal monetary penalties per month, despite receiving deposits into his account over this period totaling $12,825.00. Nassar has also never notified either the Court or the U.S. Attorney's office of his change in economic circumstances, as required by the Court's judgment.

As of July 27, 2021, financial records from the Clerk of the Court indicate Nassar still owes the entire balance of his restitution - $57,488.52 - and all of his $5,000 special assessment

2

pursuant to the Justice for Victims of Trafficking Act of 2015.

The U.S. Attorney's Office recently received notice from the U.S. Marshals Service that Nassar has a balance of $2,041.57 in his inmate trust account. The U.S. Marshals Service, with the concurrence of the U.S. Attorney's Office, sent a letter to the Warden of FCI Coleman USP-2, where Nassar is currently housed, requesting that all outbound financial transactions and withdrawals from his trust account be frozen pending further order of this Court. Exhibit 3: Encumbrance Letter. Based on information currently available at the time of this filing, Nassar's inmate trust account balance is $2,041.57.

## II.     ARGUMENT

The Court should issue an order directing the Bureau of Prisons to turn over all funds in Nassar's inmate trust account at the time the Court issues its order, up to $62,488.52, which represents his outstanding restitution and outstanding special assessment under the Justice for Victims of Trafficking Act of 2015. As of the time of this filing, assuming no further intervening deposits, the U.S. Attorney's Office believes Nassar's inmate trust account balance is at least $2,041.57.

Title 18, United States Code, Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including restitution and criminal fines. 18 U.S.C. § 3613(a) & (f). In particular, the statute provides that a sentence imposing restitution constitutes a lien in favor of the Government on all of the property and rights to property of the defendant to the same extent as a tax lien. 18 U.S.C. § 3613(c). Thus, the Government's lien attaches to the defendant's interest in funds held by the Bureau of Prisons in an inmate trust account. *See also* 18 U.S.C. § 3613(a) (government enforces restitution against all property and rights to property of the defendant); 18 U.S.C. § 3664(m) (government may use all available and reasonable means

to collect restitution). Under the Crime Victim Rights Act, crime victims are entitled to full and timely restitution as provided by law. 18 U.S.C. § 3771(a)(6).

The Mandatory Victims Restitution Act, 18 U.S.C. 3663A, et seq. ("MVRA"), which applies here, requires that Nassar's resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. Specifically, 18 U.S.C. § 3664, which sets forth the procedures for the imposition and enforcement of restitution, provides:

> If a person obligated to provide restitution, or pay a fine, receives *substantial resources from any source*, including inheritance, settlement, or other judgment, *during a period of incarceration*, such person *shall be required* to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n) (emphasis added). *See, e.g. United States v. Hester*, 708 F.App'x 441, 443 (9th Cir. 2018) ("Because Hester's Inmate Trust Account showed that he received 'substantial resources' during his period of incarceration…he was required by law to apply those funds to the $329,767 in restitution he still owed."); *United States v. Elwood*, 757 F.App'x 731, 736 (10th Cir. 2018) (under 18 U.S.C. § 3664(n), defendant had an "obligation" to commit substantial funds in his inmate trust account to unpaid restitution; district court did not err in issuing a turnover order); *United States v. Thornbrugh*, 764 F.App'x 655, 657 (10th Cir. 2019) ("any person obligated to pay restitution may be ordered to make additional payments if he receives 'substantial resources from any source.'" (citing 18 U.S.C. § 3664(n)); *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017) (inmate's participation in IFRP does not preclude the government from seeking turnover of funds in inmate trust account to apply against restitution; if an inmate has a "substantial" sum in inmate trust account, inmate is required under 18 U.S.C. § 3664(n) to apply it to restitution.); *United States v. Brewer*, 699 F.App'x 318, 319 (5th Cir. 2017) (same).

Critically, cash held in an inmate trust account does not constitute property that is exempt from collection in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). For criminal debts such as restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service- connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1), 26 U.S.C. § 6334(a)(1) – (8), (10), (12). Nassar cannot claim that the funds held in his inmate trust account are exempt from payment of restitution.

### III. CONCLUSION

For the reasons set forth above, the Government asks the Court to enter an order requiring the Bureau of Prisons to turnover any and all funds in Nassar's inmate trust account, at the time the Court issues its order, to the Clerk of the Court in an amount up to $62,488.52 for application first against his restitution and then towards his remaining special assessment under the Justice for Victims of Trafficking Act of 2015.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: July 28, 2021

/s/ Joel S. Fauson
JOEL S. FAUSON
Assistant United States Attorney
United States Attorney's Office
330 Ionia Avenue NW
Grand Rapids, MI 49503
616-456-2404