UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                  No. 1:16-CR-242

    vs.                                      Hon. Janet T. Neff
                                                  United States District Judge

LAWRENCE G. NASSAR,

        Defendant.
_____/

## ORDER

This matter is before the Court on the Government's Motion to Turn Over Funds in Inmate Trust Account to Apply to Criminal Monetary Penalties. (ECF No. 69). The Court, having reviewed the motion papers, including Defendant's Response (ECF No. 72-1), grants the Motion.

Based on transactional data furnished by the Government pertaining to Defendant's inmate trust account, the Court finds that Defendant has received approximately $12,825.00 in deposits since February 2018. This total has included a stimulus check for $600 issued in January 2021 and a stimulus check of $1,400 issued in March 2021. Otherwise, Defendant has received deposits no less than once per month, from outside third parties via Money Gram or Western Union, typically in the amount of $200.00 or more.

Absent any further deposits since the Government filed its Motion, Defendant's account balance was approximately $2,041.57. The Government, through the U.S. Marshals Service, requested that the Bureau of Prisons freeze any outgoing transactions, including any outgoing transfers or withdrawals, pending further order of this Court.

The records submitted by the United States reflect that, since being sentenced in December 2017, Defendant has paid just $300 towards his criminal monetary penalties. This aggregate amount comprises solely of the *minimum* quarterly payments of $25 required of him per the Court's judgment based on participation in the Inmate Financial Responsibility Program (IFRP). Because Defendant was ordered to pay restitution to his victims (in the total amount of $57,488.52), the Court's judgment also ordered Defendant, pursuant to 18 U.S.C. § 3664(k), to "notify the court and United States Attorney of material changes in economic circumstances." (R.48, PageID.424.) However, Defendant has never notified the Court or the United States Attorney of the receipt of this money into his inmate trust account, including the stimulus checks from earlier this year.

The law provides:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n). Moreover, the funds in Defendant's inmate trust account do not constitute property that is exempt from collection in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Defendant still owes the entire amount of his $57,488.52 in restitution. Because Defendant has received substantial non-exempt funds in his inmate trust account since incarceration, he was required by law to notify the Court and the United States Attorney and to apply those funds to the restitution that he still owed. Accordingly,

IT IS HEREBY ORDERED that the Bureau of Prisons shall turn over funds, in an amount up to $62,488.52, held in Defendant's inmate trust account at the date and time the Bureau of Prisons receives this Order, to the Clerk of the Court, U.S. District Court for the Western District of Michigan, for application against Defendant's outstanding restitution in this case.  If funds are sufficient to satisfy the outstanding restitution, any remainder shall then be applied to the $5,000 special assessment imposed under the Justice for Victims of Trafficking Act of 2015.  18 U.S.C. § 3014(b).

Dated: August 19, 2021                                     / s/ Janet T. Neff
                                                           Janet T. Neff
                                                           United States District Judge